UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| THEATRICE FAIR, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No.: 3:17-CV-161-TWP |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM OPINION**

Federal inmate Theatrice Fair has filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Respondent has filed a response in opposition to the petition. Fair sought and was granted permission to file a belated reply, but nonetheless failed to do so within the time allotted. Having considered the pleadings and the record, along with the relevant law, the Court finds that there is no necessity for an evidentiary hearing[1], and Fair's § 2255 motion will be denied.

**I.    BACKGROUND FACTS AND PROCEDURAL HISTORY**

In March 2013, Fair pleaded guilty to distributing cocaine base; possessing with intent to distribute methadone, morphine, and alprazolam; and possessing a firearm as a felon, all in violation of federal law [Doc. 19 in No. 3:12-CR-102]. Under Federal Rule of Criminal Procedure 11(c)(1)(C), the parties stipulated to a sentence of 204 months' imprisonment [*Id.* at ¶ 6]. As part

---

[1] An evidentiary hearing is required on a § 2255 motion unless the motion, files, and record conclusively show that the prisoner is not entitled to relief. *See* 28 U.S.C. § 2255(b). It is the prisoner's ultimate burden, however, to sustain his claims by a preponderance of the evidence. *See Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006). Accordingly, where "the record conclusively shows that the petitioner is entitled to no relief," a hearing is not required. *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (citation omitted).

of the agreement, the United States also agreed to dismiss a charged violation of 18 U.S.C. § 924(c), which would have subjected Fair to a consecutive mandatory term of 60 months' imprisonment [*Id*. at ¶ 2; Pre-Sentence Investigation Report ("PSR") ¶ 60].

Fair's drug quantity yielded a base offense level of 12, enhanced by two levels for possessing a firearm [PSR ¶¶ 18-19]. Because of his prior Tennessee convictions for possession with intent to sell cocaine, however, Fair was classified as a career offender with an enhanced offense level of 32 [*Id*. at ¶¶ 24, 32, 33]. After a three-level reduction for acceptance of responsibility, Fair's total offense level was 29 [*Id*. at ¶¶ 25-27]. Fair's career-offender classification required a criminal history category of VI and yielded an advisory United States Sentencing Guideline ("Guideline(s)") range of 151 to 188 months' imprisonment [*Id*. at ¶¶ 40, 59]. The Court sentenced Fair to 204 months' imprisonment consistent with the plea agreement negotiated by the parties [Doc. 24 in No. 3:12-CR-102]. Fair did not appeal.

On or about April 21, 2017, Fair filed the instant motion challenging his counsel's performance, and his career-offender status in light of the Supreme Court's decision in *Mathis v. United States*, 136 S. Ct. 2246 (2016) [Doc. 1]. The United States was ordered to respond to the motion and did so by filing its response on March 25, 2019 [Doc. 9]. Fair sought an extension of time within which to file a reply to the United States' response, which was granted [Docs. 10, 11]. However, Fair failed to file a reply by the May 27, 2019, deadline.

## II.     LEGAL STANDARD

After a defendant has been convicted and exhausted his appeal rights, a court may presume that "he stands fairly and finally convicted." *United States v. Frady*, 456 U.S. 152, 164 (1982). A court may grant relief under 28 U.S.C. § 2255, but the statute "does not encompass all claimed errors in conviction and sentencing." *United States v. Addonizio*, 442 U.S. 178, 185 (1979).

Rather, collateral attack limits a movant's allegations to those of constitutional or jurisdictional magnitude, or those containing factual or legal errors "so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (citation omitted); *see also* 28 U.S.C. § 2255(a).

## III. DISCUSSION

### A. Timeliness

A one-year limitation period applies to § 2255 motions, and it runs from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). The one-year limitation period typically becomes "final" for purposes of § 2255 "at the conclusion of direct review." *Johnson v. United States*, 246 F.3d 655, 657 (6th Cir. 2001). Fair's judgment became "final" on July 5, 2013, the expiration of time to appeal (June 21, 2013, plus 14 days). *See Sanchez-Castellano v. United States*, 358 F.3d 424, 426-28 (6th Cir. 2004) (holding where no appeal is filed, judgment becomes final upon expiration of time to appeal); *see also* Fed. R. App. P. 4(b) (allowing party 14 days to file appeal in criminal case). Therefore, Fair had until July 5, 2014, in which to file a timely § 2255 motion under § 2255(f)(1). Because Fair did not file the instant motion until April 2017, his motion is untimely under § 2255(f)(1).

3

However, by contesting his career-offender classification in light of *Mathis*, Fair seeks to invoke the later running date of § 2255(f)(3). While Fair's motion was filed within one year after the Supreme Court handed down its decision in *Mathis*, that decision did not involve a "newly recognized right," but rather, a question of statutory interpretation. *Mathis*, 136 S. Ct. at 2251 (citing "longstanding principles" and noting "cases involving the modified categorical approach [had] already made exactly [the same] point"); *id.* at 2557 ("Our precedents make this a straightforward case. For more than 25 years, we have repeatedly made clear that application of the [Armed Career Criminal Act] involves, and involves only, comparing elements."); *see also Potter v. United States*, 887 F.3d 785, 788 (6th Cir. 2018) (noting *Mathis* "involved an old rule of statutory law, not a new rule of constitutional law"). Therefore, because the Supreme Court did not newly recognize a right in *Mathis*, much less declare it retroactively applicable on collateral review, Fair's motion is likewise untimely under § 2255(f)(3).

The Court notes that the § 2255 limitations period may be tolled under extraordinary circumstances. *See, e.g.*, *Dunlap v. United States*, 250 F.3d 1001, 1007 (6th Cir. 2001). Equitable tolling typically only applies "when a litigant's failure to meet a legally-mandated deadline unavoidably rose from circumstances beyond that litigant's control." *Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003). It is the petitioner's burden to prove equitable tolling's application to his case. *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). To satisfy his burden, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citation and internal quotation marks omitted). Fair has not established any extraordinary circumstances that would warrant equitable tolling in this case. Accordingly, his motion is untimely.

B.  **Merits**

Though the Court has determined that the instant motion is untimely, it nonetheless, out of an abundance of caution, addresses the merits of Fair's claims.

1.  **Career-offender classification**

Fair claims that his prior Tennessee drug convictions no longer count as "controlled-substance offenses" under Guideline § 4B1.2, as the Tennessee statute of conviction criminalized a broader range of conduct than that considered a controlled substance offense under the Guidelines.

As a preliminary matter, a challenge to the calculation of the advisory Guidelines range generally does not affect the sentence's lawfulness. *See Snider v. United States*, 908 F.3d 183, 191 (6th Cir. 2018); *Gibbs v. United States*, 655 F.3d 473, 479 (6th Cir. 2011) ("A challenge to the sentencing court's guidelines calculation. . . only challenges the legal process used to sentence a defendant and does not raise an argument that the defendant is ineligible for the sentence []he received."). Accordingly, the error alleged by Fair lacks constitutional significance.

Regardless, the Court finds that Fair has not demonstrated an error in the calculation of his career-offender determination. To determine whether a prior conviction is a controlled substance offense under § 4B1.2, courts ordinarily apply a categorical approach, which requires the reviewing court to compare the elements of the statute of conviction with the "generic elements" of the offense. *Mathis*, 136 S. Ct. at 2248; *Descamps v. United States*, 570 U.S. 254, 257 (2013). If the statute of conviction is broader than the generic offense, then it cannot qualify as a predicate, regardless of the facts comprising the offense. *See, e.g., Mathis*, 136 S. Ct. at 2248-49.

Where the statute of conviction is "divisible," in that it lists elements in the alternative to define several different variants of the crime, courts may employ the "modified categorical approach" in order to evaluate which of the alternative elements constituted the offense of

conviction. *See, e.g., Mathis*, 136 S. Ct. at 2249; *United States v. House*, 872 F.3d 748, 753 (6th Cir. 2017). Under this approach, the Court decides whether any of the alternatives match the federal definition of a controlled substance offense, and, if so, consult a limited set of documents (referred to as *Shepard* documents) to determine the elements of the crime of conviction. *See id.; see also Shepard v. United States*, 125 S. Ct. 1254 (2005).

In conducting its inquiry, the Court's concern is not "whether the elements of [the state statute] contain the same words as the Guidelines' definition [of a controlled substance offense]" but rather, "it is 'whether the elements of [the statute] are of the *type* that would justify its inclusion within the definition of a controlled-substance offense.'" *United States v. Douglas*, 563 F. App'x 371, 377 (6th Cir. 2014) (emphasis in original) (citation omitted). The Guidelines define a controlled substance offense as a felony offense "that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance. . . or the possession of a controlled substance. . . with intent to manufacture, import, export, distribute, or dispense." Guideline § 4B1.2(b).

The Tennessee statute at issue here states, in relevant part:

(a) It is an offense for a defendant to knowingly:
(1) Manufacture a controlled substance;
(2) Deliver a controlled substance;
(3) Sell a controlled substance; or
(4) Possess a controlled substance with intent to manufacture, deliver or sell the controlled substance.

Tenn. Code Ann. § 39-17-417(a). The statute criminalizes four separate offenses and is thus divisible. *See United States v. Goldston*, 906 F.3d 390, 394 (6th Cir. 2018) (determining that Tenn. Code Ann. § 39-17-417(a) "constitutes a 'divisible statute'"). All of the alternatives listed in Tenn. Code Ann. § 39-17-417(a) fit within § 4B1.2(b)'s definition of a controlled substance offense. *See United States v. Alexander*, 686 F. App'x 326, 327 (6th Cir. 2017) (holding, post-*Mathis*, that Tenn. Code Ann. § 39-17-417 is a categorical controlled substance offense);

6

*Douglas*, 563 F. App'x at 377 (holding the Sixth Circuit has "always treated a violation of Tenn. Code Ann. § 39-17-417 as a categorical controlled substance offense"). Accordingly, Fair's two prior convictions for possession with intent to sell cocaine under Tenn. Code Ann. § 39-17-417 qualify him as a career offender, and *Mathis* does not undermine his classification or sentence.

### 2. Ineffective assistance of counsel

Fair faults counsel for not objecting to his career-offender classification and for allegedly allowing the Court to sentence him "according to the PSR" [Doc. 2 p. 11].

In *Strickland v. Washington*, the Supreme Court set forth a two-pronged test for determining whether a convicted defendant has received the ineffective assistance of counsel. *See Strickland v. Washington*, 466 U.S. 668 (1984). There, the Court held that a petitioner cannot establish the ineffective assistance of counsel unless he demonstrates (1) that counsel's performance was deficient, such that counsel did not render reasonably effective assistance as measured by prevailing professional norms, and (2) that he was prejudiced by the deficiency, i.e., that there exists a reasonable probability that but for counsel's alleged acts or omissions, the results of the proceedings would have been different. *See Strickland*, 466 U.S. at 687-88, 694; *Huff v. United States*, 734 F.3d 600, 606 (6th Cir. 2013) (applying *Strickland* test to § 2255 claims). The failure to satisfy either prong of *Strickland* requires dismissal of the claim and relieves the reviewing court of a duty to consider the other prong. *Nichols v. United States*, 563 F.3d 240, 249 (6th Cir. 2009); *see also Strickland*, 466 U.S. at 697.

As the Court has already determined, Fair was correctly classified as a career offender, and he was sentenced to the exact term of imprisonment to which he agreed when pleading guilty [Doc. 19 and Doc. 24 in No. 3:12-CR-102]. Accordingly, there was no legitimate basis upon which counsel could have objected to Fair's sentence, nor was Fair prejudiced by the absence of such an objection. Therefore, counsel did not render ineffective assistance with regard to Fair's

career-offender classification. *See Mapes v. Coyle*, 171 F.3d 408, 413 (6th Cir. 1999) (noting "there can be no constitutional deficiency in . . . counsel's failure to raise meritless issues").

## IV. CERTIFICATE OF APPEALABILITY

When considering a § 2255 motion, this Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts. Fair must obtain a COA before he may appeal the denial of his § 2255 motion. 28 U.S.C. § 2253(c)(1)(B). A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For cases rejected on their merits, a movant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong" to warrant a COA. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). To obtain a COA on a claim that has been rejected on procedural grounds, a movant must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*. Based on the *Slack* criteria, the Court finds that a COA should not issue in this cause.

## V. CONCLUSION

For the reasons stated herein, Fair has failed to establish any basis upon which § 2255 relief could be granted, and his motion will be **DENIED**. A COA from the denial of his § 2255 motion will be **DENIED**.

**An appropriate Order will enter.**

   s/ Thomas W. Phillips
SENIOR UNITED STATES DISTRICT JUDGE